# EXHIBIT 6

**Grant M. Glovin**

**From:** Grant M. Glovin
**Sent:** Tuesday, October 15, 2024 5:58 PM
**To:** Grant M. Glovin
**Subject:** RE: WMATA REQUEST TO CHANGE SCOPE | Audit of Fitness for Duty and Occupational Health & Safety Programs (03-08-24)

**Grant M. Glovin**
Attorney at Law



O 646.883.5110 | C 646.238.8530
1500 Broadway (at West 43rd Street), Suite 1605 | New York, NY 10036

website
 

Confidentiality Notice: [unreadable]

**From:** QICO_Metro_Regulatory_Compliance_Program <QICO_Metro_Regulatory_Compliance_Program@wmata.com>
**Sent:** Friday, March 8, 2024 4:10 PM
**To:** Ashley Rhodes <arhodes@wmsc.gov>; Davis Rajtik <Drajtik@wmsc.gov>; John O'Donnell <JODonnell@wmsc.gov>; Sharmila Samarasinghe <SSamarasinghe@wmsc.gov>; WMSC Correspondence <Correspondence@wmsc.gov>
**Cc:** Johnson, Jayme M. <jmjohnson@wmata.com>; Gawlik, Stan F. <SGawlik@wmata.com>; Sequeira, Loyda P. <lsequeira@wmata.com>; Garcia-Sanchez, Juanmanuel <JGarcia-Sanchez@wmata.com>
**Subject:** WMATA REQUEST TO CHANGE SCOPE | Audit of Fitness for Duty and Occupational Health & Safety Programs (03-08-24)

Dear Ashley and WMSC Team,

On behalf of WMATA, Quality is transmitting the following:

The Washington Metropolitan Area Transit Authority (WMATA) acknowledges receipt of your letter dated February 9, 2024, regarding the WMSC's upcoming audit of WMATA's Fitness for Duty and Occupational Health Programs (the "Audit"), scheduled to begin April 1, 2024. We write, pursuant to Program Standard Section 11(A), in an effort to informally resolve a matter related to the scope of the Audit, as further addressed below.

The Audit's scope, as referenced in your letter, includes the following:

1

> *Fitness for duty* focuses on the mitigation of hazards related to an individual's physical and mental condition. As a starting point, our audit will review several aspects: physical and medical qualifications, reporting for duty/on-duty requirements, hours of service, fatigue management, drug and alcohol testing, and other fitness for duty-related items.
>
> *Occupational health* (also referred to as "occupational safety and health" or "occupational safety") focuses on the mitigation of hazards related to workplace conditions. As a starting point, our audit will review several aspects: walking-working surfaces (e.g. ladders, stairways, scaffolds, fall protection), environmental controls related to indoor air quality and noise, and other occupational health-related items.

We understand that the WMSC believes it has authority to audit these functional areas pursuant to the Program Standard. WMATA disagrees and respectfully requests that the WMSC abstain from conducting the Audit. As noted in prior correspondence to the WMSC, the programs slated for this Audit are subject to regulation by other Federal and State agencies—with regulatory expertise in these areas—and whose oversight includes:

- Annual and Event-Based Reporting Requirements
- Regular Compliance Audits
- Periodic Compliance Inspections
- Investigations of Non-Compliance

As discussed more fully below, WMATA believes that the Audit is improper and duplicative. Among other reasons, this Audit duplicates WMATA's existing regulatory compliance efforts, and potentially subjects WMATA to inconsistent regulatory scrutiny from different agencies. Moreover, responding to this Audit would unduly burden WMATA staff, resulting in an unnecessary expenditure of WMATA resources that could otherwise be devoted toward ongoing critical safety improvements. WMATA's program records include personnel throughout the agency who are not subject to WMSC oversight. Separating, extracting, scanning, and refiling the thousands of paper records would produce undue burden on limited WMATA resources.

Moreover, WMATA respectfully submits that the Audit exceeds the scope of the WMSC's *rail safety* oversight authority, as limited by the WMSC Compact, and requests that the WMSC refrain from conducting the Audit.

- **Drug and Alcohol Testing**

WMATA's Drug and Alcohol Testing Program is administered by OHAW and adheres to Federal Transit Administration (FTA) regulations under 49 CFR Part 655. WMATA's program undergoes routine review and audit as part of the FTA's oversight of these regulations. WMATA believes that FTA's oversight adequately addresses drug- and alcohol-related hazards on the rail system, without the need for additional WMSC intervention.

Rather than conduct a separate, duplicative audit of WMATA's Drug and Alcohol Programs, WMATA believes that the FTA is in the best position to audit these programs in the first instance. Instead, the WMSC should submit the entirety of those portions of the Audit related to WMATA's Drug and Alcohol Testing Program to the FTA for inclusion in the FTA's audit. WMATA would not object to the WMSC's participation in any upcoming FTA oversight activities for the WMATA rail system as it will result in a more streamlined and less burdensome process.

- **Occupational Health**

2

WMATA believes the occupational health portion of the Audit, as defined in the WMSC's Audit notification letter, is overbroad, unreasonable, and exceeds the scope of the WMSC's oversight authority under the WMSC Compact. The Audit seeks information and documents relating to general workplace conditions at WMATA and WMATA's Occupational Health Programs, regardless of whether they relate to the WMATA rail system such as programs listed in document request items #2b and #3, which apply to the whole of WMATA. The Audit plainly exceeds the scope of the WMSC's rail safety oversight authority, as limited by the WMSC Compact, and seeks to expand the WMSC's authority to general safe and healthful working conditions for WMATA personnel.

Moreover, the Audit is duplicative of existing oversight efforts by jurisdictional agencies that have the expertise to monitor workplace safety conditions. WMATA's Occupational Health Program is administered by the Office of Occupational Safety and Health (OSH) in accordance with applicable Federal and State occupational health standards. Depending on the context and jurisdiction where work is performed, these standards, where applicable to WMATA, may be established and overseen by the Federal Occupational Safety and Health Administration (OSHA) and/or supporting state Occupational Health and Safety regulators, such as Maryland Occupational Safety and Health (MOSH) and Virginia Occupational Safety and Health (VOSH). These agencies are the primary enforcers of applicable occupational safety and health standards within their respective jurisdictions. They also have the resources and expertise to do so. Respectfully, it is unclear that the WMSC has the requisite expertise in this area as indicated by document request item #23, which asks WMATA to "[l]ist all fitness for duty and occupational health reporting requirements required by the federal government, the District of Columbia, Maryland, and Virginia." Presumably, the WMSC would already know these requirements if it were the proper regulatory body to monitor WMATA's workplace programs.

Because existing regulatory oversight is sufficient to ensure that WMATA is addressing any hazards related to Occupational Health, the WMSC's Audit requests unnecessarily subject WMATA to duplicative, burdensome oversight, and potentially inconsistent regulatory scrutiny. Thus, WMATA requests that the WMSC abstain from conducting the occupational safety and health portion of the Audit in its entirety. In the alternative, WMATA would not object to the WMSC's future participation in upcoming oversight activities by the relevant jurisdictional agency where the oversight specifically relates to the WMATA rail system, instead of conducting a separate, duplicative audit.

WMATA shares the WMSC's commitment to maintaining the highest levels of safety of our employees and passengers throughout the WMATA rail system and supports effective program oversight of the rail system. We are concerned, however, that the Audit exceeds the WMSC's limited rail safety oversight authority and includes overbroad requests for information in areas that are more appropriately monitored by existing regulatory bodies with the resources and expertise to do so. Thus, WMATA maintains that the most effective form of oversight is performed by those agencies issuing the applicable regulations covered by the Audit. WMATA does not object to the WMSC's participation in oversight activities pertaining to the WMATA rail system alongside these agencies, where appropriate, in order to build the most effective and efficient safety program. For these reasons, WMATA requests that the WMSC remove any programs overseen by other State and Federal agencies from the planned Fitness for Duty and Occupational Health Program Audit, and to give full consideration of the alternatives proposed above.

We note that the initial request for documents sought information on or before March 11, 2024. WMATA will transmit all documents outside of the aforementioned two areas by this deadline. To provide WMATA and WMSC staff with an opportunity to informally resolve the issues raised by this email, WMATA respectfully requests an extension of time relating to the drug and alcohol testing and occupational safety and health portions of the Audit until the matters addressed above are resolved.

We look forward to your prompt response. WMATA reserves all rights.

**Metro Regulatory, Internal Compliance & Oversight Program**
Quality Assurance, Internal Compliance & Oversight (Quality)
The Washington Metropolitan Area Transit Authority (WMATA)
QICO_Metro_Regulatory_Compliance_Program@wmata.com
*Promoting Transparency, Accountability & Public Confidence*



The information contained in this email is intended for the sole use of the persons or entities named. The dissemination, distribution, copying or use of the information is strictly prohibited. If you are not an intended recipient of this transmission, notify the sender immediately and delete it.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

4