# **EXHIBIT C**

**MEMORANDUM OF UNDERSTANDING**

**BETWEEN**

**THE FEDERAL AVIATION ADMINISTRATION**
**U.S. DEPARTMENT OF TRANSPORTATION**

**AND**

**THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION**
**U.S. DEPARTMENT OF LABOR**

Occupational Safety and Health Standards for Aircraft Cabin Crewmembers

I.   PURPOSE

The purpose of this Memorandum of Understanding (MOU) is to facilitate coordination and cooperation between the U.S. Department of Transportation's Federal Aviation Administration (FAA) and the U.S. Department of Labor's Occupational Safety and Health Administration (OSHA) concerning the application of certain OSHA standards to aircraft cabin crewmembers while they are onboard aircraft in operation (except flight deck crew).

II.   BACKGROUND

Pursuant to the Federal Aviation Act of 1958, FAA is charged with the promotion of safe flight of civil aircraft in air commerce by prescribing regulations and minimum standards for practices, methods and procedures the Administrator finds necessary for safety in air commerce and national security.  49 U.S.C. § 44701 et seq.

OSHA is charged with the enforcement of the Occupational Safety and Health Act of 1970 (OSH Act), Pub.L. 91-596 under which employers are responsible for providing safe and healthful workplaces for their employees.  29 U.S.C. § 651 et seq.  OSHA's role is to assure these conditions for America's working men and women by setting and enforcing standards, and providing training, education and assistance. However, under Section 4(b)(1) of the OSH Act, OSHA is precluded from applying its occupational safety and health standards to working conditions over which another federal agency, such as the FAA, has exercised its statutory authority.  29 U.S.C § 653(b)(1).

On August 27, 2013, the FAA Administrator published in the Federal Register a Notice of Availability of a Policy Statement that states it has not exercised statutory authority to cover all working conditions affecting aircraft cabin crewmembers, 78 FR 52848. Specifically, FAA stated that OSHA can apply some of its occupational safety and health standards to the working conditions of aircraft cabin crewmembers while they are onboard aircraft in operation (except flight deck crew).

These standards concern hazard communication, 29 CFR §1910.1200, bloodborne pathogens exposure, 29 CFR §1910.1030, and occupational noise exposure, 29 CFR §1910.95. The working conditions addressed by these three standards are the only working conditions subject to OSHA enforcement. FAA will continue to exercise its statutory authority over all other working conditions of aircraft cabin crewmembers while they are on aircraft in operation, and to fully occupy and exhaust the field of flight deck crew occupational safety and health while they are on aircraft in operation.

Separate from this FAA policy change, OSHA already has authority to enforce its regulations on recordkeeping, 29 CFR Part 1904, and access to employee exposure and medical records, 29 CFR § 1910.1020. These regulations are not preempted by section 4(b)(1) of the OSH Act.

OSHA also already has the responsibility to investigate employee complaints of discrimination for engaging in protected activity related to safety or health in the workplace. This authority, arises under section 11(c) of the OSH Act, 29 U.S.C. § 660(c). Investigations of employee complaints of discrimination for providing information about alleged violations of FAA requirements or of any Federal law relating to air carrier safety are also OSHA's responsibility under section 519 of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, Pub.L. 106-181, 49 U.S.C. § 42121.

III.  SUBSTANCE OF THE AGREEMENT

FAA and OSHA recognize the importance of close cooperation and collaboration as the three OSHA standards concerning hazard communication, bloodborne pathogens and noise are applied to the working conditions of aircraft cabin crewmembers while they are on aircraft in operation (except for flight deck crew).

A.  Process for Coordination

FAA and OSHA agree to develop a practicable process for coordination. The process will include proper safeguards against unauthorized use and disclosure of non-public information. The process will include the following:

- OSHA will respond to and investigate complaints or referrals through its phone and fax procedure in the first instance.

- OSHA anticipates that it will respond to and investigate complaints or referrals without a need for any inspection of aircraft in operation. If it is necessary to inspect working conditions of aircraft cabin crewmembers while they are onboard aircraft in operation (except flight deck crew), OSHA and FAA will work together to determine

the appropriate way to proceed. The agencies will resolve those employees' safety and health issues without jeopardizing aviation safety.

- OSHA and FAA will meet to review the implementation of the policy statement on a semi-annual basis for the next two years, and as necessary thereafter.

B.   ADDITIONAL WORKING CONDITIONS

If, after experience with this policy, FAA and OSHA determine that OSHA requirements should apply to additional working conditions, the agencies shall follow a process similar to the one that led to the publication of the August 2013 policy statement, including outreach to the regulated community, publication of a notice in the Federal Register, and opportunity for public comment.

IV.   INFORMATION SHARING

If an agency that has received information under this MOU receives a Freedom of Information Act (FOIA) request for which there are responsive records that originated with the other agency, to the extent practicable, it will refer that request to the other agency for it to respond directly to the requestor regarding whether the information may be released. In such cases, the agency making the referral will notify the requestor that a referral has been made and that a response will issue directly from the other agency.

V.   EFFECT OF AGREEMENT

This agreement is an internal Government agreement and is not intended to confer any right upon any private person. This MOU represents the broad outline of the Parties' present intent to collaborate in areas of mutual interest to FAA and OSHA. It does not create binding, enforceable obligations against either Agency. This MOU does not alter, amend, or affect in any way the statutory or regulatory authority of the FAA or OSHA. This MOU and all associated agreements will be subject to the applicable policies, rules, regulations, and statutes under which FAA and OSHA operate.

All activities undertaken pursuant to the MOU are subject to the availability of personnel, resources, and funds. Nothing in this MOU shall obligate FAA and OSHA to any current expenditure or future expenditure of resources in advance of the availability of appropriations from Congress.

This MOU replaces the agencies' MOU of August 2000. This MOU does not alter the agencies' MOU dated March 22, 2002 concerning the protection of employees who provide air safety information under the provisions of Section 519 of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121.

See 67 FR 55883 (Aug. 30, 2002). This MOU does not affect the ability of the Parties to enter into other agreements or arrangements related to this MOU.

VI. **LIAISON OFFICERS**

To facilitate the activities carried out under this MOU, each agency will establish a single agency liaison. The liaisons will be:

For OSHA: Directorate of Enforcement Programs, OSHA – DOL, 200 Constitution Avenue NW, Washington, D.C. 20210; Telephone: 202-693-2100.

For FAA: National Aviation Safety and Health Program Manager, AFS-200 800 Independence Ave, SW Washington, D.C. 20591; Telephone: 202-267-8166

Each agency may designate a new liaison at any time by notifying the other in writing. If at any time, an individual designated as a liaison under this agreement becomes unavailable to fulfill those functions, the agency will name a new liaison and notify the other agency through the designated liaison.

VII. **EFFECTIVE DATE**

This Memorandum is effective upon signature by the parties. It may be amended at any time by mutual agreement of the agencies and may be terminated by either agency upon sixty days written notice.

_[signature]_
Michael P. Huerta
Administrator
Federal Aviation Administration
U.S. Department of Transportation

Date: AUG 22 2014

_[signature]_
David Michaels
Assistant Secretary
Occupational Safety and Health Administration
U.S. Department of Labor

Date: AUG 26 2014