## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

WASHINGTON METRORAIL SAFETY
COMMISSION,

    Petitioner,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,

    Respondent.

Case No. 1:24-mc-00144-LLA-ZMF

Judge Loren L. AliKhan

Magistrate Judge Zia M. Faruqui

**EXPEDITED REVIEW REQUESTED**

_____

### WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S
### MOTION TO STAY MAGISTRATE JUDGE'S ORDER DATED DECEMBER 17, 2025
### WITH REQUEST FOR EXPEDITED RULING

Respondent Washington Metropolitan Area Transit Authority ("WMATA"), by counsel, respectfully and out of an abundance of caution, requests a stay of compliance with respect to Magistrate Judge Zia M. Faruqui's Order dated December 17, 2025 (the "Order"), ECF No. 9, pending the Court's resolution of WMATA's timely objections to the Order. Absent a stay if the Order is considered final, WMATA's objections will become moot, and a stay is required to allow meaningful review of those objections. On balance, the harm to WMATA if it were forced to comply with the subpoena before available court review far outweighs any conceivable injury to Petitioner related to an administrative subpoena issued well over a year ago. **Because the Order requires compliance within thirty (30) days of its entry, WMATA seeks expedited consideration of its motion and a decision no later than January 9, 2026.**

This motion is supported by the accompanying memorandum of points and authorities, and a proposed order granting the motion is attached. Counsel for WMATA conferred by telephone with Petitioner's counsel to confirm a stay of production pending the Court's review. Petitioner WMSC has refused to agree and opposes this motion.

Dated:  December 31, 2025

Respectfully submitted,

/s/ Attison L. Barnes, III
Attison L. Barnes, III (DC Bar No. 427754)
George E. Petel (DC Bar No. 1088877)
Joel S. Nolette (DC Bar No. 1781062)
**Wiley Rein LLP**
2050 M Street NW
Washington, DC  20006
Phone: (202) 719-7000
Fax: (202) 719-7049
abarnes@wiley.law
gpetel@wiley.law
jnolette@wiley.law
*Counsel for Respondent*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

WASHINGTON METRORAIL SAFETY
COMMISSION,

      Petitioner,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,

      Respondent.

Case No. 1:24-mc-00144-LLA-ZMF

Judge Loren L. AliKhan

Magistrate Judge Zia M. Faruqui

_____

## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO STAY MAGISTRATE JUDGE'S ORDER DATED DECEMBER 17, 2025

Attison L. Barnes, III (DC Bar No. 427754)
George E. Petel (DC Bar No. 1028877)
Joel S. Nolette (DC Bar No. 1781062)
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC  20006
Phone: (202) 719-7000
Fax: (202) 719-7049
abarnes@wiley.law
gpetel@wiley.law
jnolette@wiley.law

_Counsel for the Washington Metropolitan Area Transit Authority_

3

## INTRODUCTION

Respondent Washington Metropolitan Area Transit Authority ("WMATA"), by counsel and out of an abundance of caution, moves to stay compliance with Magistrate Judge Zia M. Faruqui's December 17, 2025 Order (the "Order"), ECF No. 9, pending this Court's review of WMATA's objections. WMATA faces immediate and irreversible harm absent relief, and as more fully set forth below, Petitioner Washington Metrorail Safety Commission (the "WMSC") will not suffer prejudice from a period of Court review contemplated by the Order and applicable rules. In addition, a stay of enforcement will help conserve judicial and party resources in the interim.

In light of the Order's thirty-day compliance deadline, WMATA respectfully requests expedited consideration of its motion and a decision no later than January 9, 2025.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The grant of a stay is thus a matter committed to the district court's broad discretion, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997), and calls for "the exercise of judgment, which must weigh competing interests and maintain an even balance," *Landis*, 299 U.S. at 254–55 (citations omitted); *see id.* (clear showing of hardship or inequity needed where the other party would be injured from the stay). The court "may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions" when justice so requires, "in the light of the particular circumstances of the case." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

## ARGUMENT

**I.      This Court Should Confirm that the "Order" Constitutes a Report and Recommendation from the Magistrate Judge and Cannot Be Enforced as a Final Order under Rule 72.2 To Permit a Meaningful Review by the District Judge.**

Magistrate Judge Faruqui disposed of all issues in the Petition, thereby ordering dispositive, as opposed to non-dispositive, relief. As set forth in WMATA's Objections to the Order, where, as here, the magistrate judge rules on a "case-dispositive matter" referred *sua sponte* by the Court, the magistrate judge's decision is functionally a report and recommendation, however it may be styled, *see Pension Benefit Guar. Corp. v. Micfo, LLC*, No. 20-mc-114 (JEB/GMH), 2021 WL 6849084, at *1 & n.1 (D.D.C. Mar. 2, 2021), *report and recommendation adopted*, 2021 WL 6849088 (D.D.C. Mar. 17, 2021). A magistrate judge's recommendation on a dispositive matter is not a final order, and the district court "alone is responsible for rendering the ultimate decision as to the merits of the case." *Cherokee Nation v. Dep't of Interior*, 754 F. Supp. 3d 107, 118 (D.D.C. 2024); *see also Roell v. Withrow*, 538 U.S. 580, 585 (2003) (a district court is "free to do as it sees fit with [a] magistrate judge's recommendations" issued pursuant to 28 U.S.C. § 636(b)(1)). Therefore, the relief recommended by the magistrate judge is effectively stayed until a district judge considers and rules on the timely objections.

Magistrate Judge Faruqui purported to enter a final order under Rule 72.2, so WMATA requests that this Court confirm that, until the district judge has an opportunity to address WMATA's objections, the relief recommended by the magistrate judge is not enforceable (i.e., stayed) and that WMATA is not required to respond to the Subpoena requests within thirty (30) days after the entry of the Order. WMATA requests this confirmation out of an abundance of caution in order to avoid any confusion about whether it must comply with the recommended relief before a meaningful review of WMATA's objections.

II.     **In the Alternative, the Court Should Stay Enforcement of the Subpoena Even If the Court Were To Find that the Magistrate Judge Could Issue a Dispositive Ruling under Rule 72.2.**

As explained above and in WMATA's Objections to the Order, the magistrate judge's recommended relief should not be enforced absent review by the district judge. In the alternative, this Court should use its broad discretion to stay the Order to prevent an untenable result whereby WMATA's objections are mooted by forced compliance with the Subpoena requests. *See Dresser Indus.*, 628 F.2d at 1375 (The court "may decide in its discretion to . . . postpone civil discovery, or impose protective orders and conditions" when justice so requires, "in the light of the particular circumstances of the case.").

WMATA does not believe that movants seeking a stay of a decision under Rule 72.2 are required to establish the elements of injunctive relief, but even if this Court were to require WMATA to establish the elements of injunctive relief to obtain a discretionary stay, the stay request should be granted for the following reasons:

A.     **WMATA, Not the WMSC, Will Suffer Irreparable Harm Absent a Stay.**

WMATA will suffer immediate and irreparable harm absent a stay. Indeed, WMATA's objections to the Order will become moot unless a stay is granted because the Order requires production of the requested materials within 30 days after the Order, and failure to do so risks violation of the Order by WMATA. *See Banks v. Off. of the Senate Sergeant-at-Arms & Doorkeeper*, 226 F.R.D. 113, 118 (D.D.C. 2005) ("To force a party to comply with an order while it was seeking review of that order would be, in effect, to compel that party to abandon in advance the victory it might gain by reversal of the magistrate judge's order."). For this reason, courts frequently stay release of documents and information pending review in various contexts. *See, e.g.*, *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007)

("Particularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal."); *Republican Nat'l Comm. v. Pelosi*, 602 F. Supp. 3d 1, 40 (D.D.C. 2022) (granting an administrative injunction under the All Writs Act enjoining release of documents and testimony to "preserve the ability of meaningful judicial review") (citation omitted), *vacated on other grounds*, No. 22-5123, 2022 WL 4349778 (D.C. Cir. Sept. 16, 2022).

Moreover, as set forth in WMATA's prior submissions to this Court, WMATA has experienced prior scenarios where the WMSC used WMATA's compliance with orders during the pendency of objections to claim mootness (i.e., concessions), ECF No. 6 at 8; ECF No. 6-1 ¶ 13, and therefore forcing WMATA to comply with the Order would irreparably harm WMATA without Court review permitted under the rules. And the harm to WMATA is further compounded here because the Order is, in substance, a report and recommendation, for which enforcement should be stayed as a matter of course pending the district court's review.

On the other hand, there is no conceivable harm to the WMSC if the Court grants a stay of the Order regarding a Subpoena that has been pending for well over a year, *see* ECF No. 1-9. The WMSC audit that spawned this proceeding began almost two years ago, ECF No. 1-4, and the WMSC served the Initial Request for Documents the same day it noticed the audit, ECF No. 1-5. The WMSC made no effort or argument in the eighteen (18) months since the Subpoena was served to expedite review, nor could it have been justified. Indeed, as even Magistrate Judge Faruqui contends, there is "concurrent" jurisdiction over these matters with the Occupational Safety and Health Administration ("OSHA"). In other words, the WMSC will not suffer prejudice during a period required to safeguard the integrity of the district court's review. Oversight of WMATA's workplace safety practices thus will remain intact through OSHA and its state counterparts (as

existed for WMATA long before the WMSC was created), leaving no basis for the WMSC to argue that supervision will lapse while the Order is under review. Indeed, as set forth in WMATA's objections those agencies are better situated—and possess the requisite subject-matter expertise—to enforce their own regulations.

**B.    WMATA Has a Likelihood of Success of the Merits.**

There is a substantial likelihood that WMATA will prevail on the merits after a meaningful review by the district judge. As set forth in WMATA's objections, actions by the WMSC are not justified under its own Compact and the comprehensive regulatory scheme. WMATA's objections are very strong—rooted in the statutory text—that the WMSC lacks authority to regulate WMATA's occupational safety and health ("OSH"). WMATA's Objections at 14–24. Specifically, Magistrate Judge Faruqui erroneously interpreted key statutory terms out of context, without considering the overall statutory scheme. *Id.* at 14–18, 20–23. But when properly read, the governing statute provides that the WMSC's regulatory authority over WMATA is limited to rail-related safety issues. *Id.* The legislative history also confirms this, and common sense dictates that the magistrate judge's reading—resulting in OSH issues pertaining to different WMATA employees (rail vs. bus and paratransit) being regulated by different agencies—be rejected. *Id.* at 18–20. WMATA incorporates its Objections herein.

**C.    The Balance of the Interests Favors WMATA.**

As set forth above, all of the interests favor WMATA, and the Motion to Stay should be granted to allow a taxpayer-funded authority to obtain a review of its objections before any expansive and expensive process is foisted on WMATA.

**D.     A Stay Serves the Public Interest.**

The public interest also weighs in WMATA's favor. The public has an interest in the proper and lawful use of subpoenas to a taxpayer-funded entity to prevent waste of public funds by duplicative regulatory action. The public also has an interest in preventing an agency's over-reaching action that affects public funds, particularly when the WMSC action creates conflicting directives to WMATA from multiple entities (e.g., the WMSC creating public safety risks by issuing directives to WMATA that contradict best practices for testing dust for lead contamination and for testing and removal of tiles with potential asbestos exposure). Similarly, the public has an interest in prohibiting the improper interpretation of a Congressionally-approved Compact such that an erroneous interpretation of the Compact does not cause irreparable harm to WMATA for many years to come. As WMATA has argued (and argues in its objections), the WMSC's exercise of concurrent authority with OSHA and its state counterparts has created serious public safety concerns. WMATA's Objections at 7–8. The public would thus be better served if the Court has the opportunity to weigh in ***before*** the WMSC acts, rather than after the fact. Furthermore, staying compliance with the subpoena pending the district court's review would allow both this Court and the parties to avoid wasted efforts from potential future discovery disputes. WMATA's objections to the Subpoena extended beyond the WMSC's lack of statutory authority to include, among others, the overbroad scope of the subpoena (even if the WMSC were able to insert itself in an OSHA arena, which it should not), and the compelled disclosure of confidential and sensitive information. ECF No. 1-9. In the interest of judicial economy and efficiency, any compliance should be deferred pending this Court's review of the objections contemplated by the rules.

## <u>CONCLUSION</u>

For the foregoing reasons, WMATA respectfully requests that the Court issue the proposed order to stay compliance with the Order pending resolution of WMATA's objections and grant such further relief as this Court deems proper.

Dated: December 31, 2025

Respectfully submitted,

/s/ Attison L. Barnes, III
Attison L. Barnes, III (DC Bar No. 427754)
George E. Petel (DC Bar No. 1088877)
Joel S. Nolette (DC Bar No. 1781062)
**Wiley Rein LLP**
2050 M Street NW
Washington, DC  20006
Phone: (202) 719-7000
Fax: (202) 719-7049
abarnes@wiley.law
gpetel@wiley.law
jnolette@wiley.law
*Counsel for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the Court's Electronic

Filing system upon all registered counsel this 31st day of December 2025.

/s/ Attison L. Barnes, III

Attison L. Barnes, III