**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| WASHINGTON METRORAIL SAFETY COMMISSION, | |
| Petitioner, | No. 1:24-mc-00144-LLA-ZMF |
| v. | |
| THE WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | Hon. Loren L. AliKhan<br>Hon. Zia M. Faruqui |
| Respondent. | |

**WASHINGTON METRORAIL SAFETY COMMISSION'S RESPONSE TO MOTION TO STAY**

The Washington Metrorail Safety Commission (the "WMSC") submits this response to the Motion to Stay of the Washington Metropolitan Area Transit Authority ("WMATA") filed December 31, 2025. As detailed herein, despite disputing many of WMATA's claims in its Motion to Stay, the WMSC does not object to a short stay to allow the District Court to render a decision. The WMSC reserves the right to move to dissolve the stay or seek other appropriate relief should the Federal Transit Administration or other regulators require the WMSC to expedite completion of its triennial audits.

The WMSC disagrees with much of WMATA's Motion to Stay. Most importantly, WMATA does not have a likelihood of success on the merits. The Magistrate Judge's thorough opinion explained why WMATA's arguments lack grounding in statutory text and rely on purported practical problems that, in reality, do not exist and are beyond the scope of this subpoena enforcement proceeding. WMATA's Objections to the Magistrate Judge's Proposed Findings and Recommendations make similarly mistaken arguments. The WMSC will respond more fully to

1

WMATA's Objections in a subsequent filing. Additionally, the balance of interests and the public interest do not favor WMATA, given the WMSC's and the public's shared interest in ensuring safety for WMATA rail passengers and employees.

Moreover, WMATA's plea for additional time is ironic, given WMATA's actions in delaying the resolution of the underlying audit. The Motion to Stay claims that the WMSC failed to work collaboratively with WMATA to resolve its concerns, but the WMSC did exactly that. When WMATA was concerned that portions of the audit that gave rise to this proceeding would be overly burdensome because relevant records were not digitized, the WMSC narrowed certain document requests despite having previously directed WMATA to improve its recordkeeping practices. WMATA, however, has refused to engage with the WMSC in connection with the portions of the audit relating to occupational safety and health, thereby dragging out the audit process and forcing the parties into litigation.

WMATA's persistent noncompliance impedes the WMSC's ability to fulfill its statutory obligations to the public embodied in the Interstate Compact creating the WMSC. The Federal Transit Administration audits the WMSC's operations triennially. 49 U.S.C. § 5329(e)(19)(B). By refusing to participate in the audit process and refusing to comply with the April 8, 2024, Subpoena (or the earlier February 9, 2024 Initial Request for Documents), WMATA has created a risk of noncompliance for the WMSC, with an accompanying risk of federal action. And WMATA has prevented the WMSC from completing its oversight work, which contributes to ensuring that WMATA rail passengers and employees haveWMAT a safe rail system free of occupational hazards.

However, the WMSC appreciates the need to ensure that this Court's final order is enforceable and issued in compliance with the Federal Magistrate Act. The WMSC therefore does

not oppose a stay to allow the Court to address WMATA's objections. To facilitate the WMSC's fulfillment of its statutory obligations, however, the WMSC requests that this Court rule expeditiously on WMATA's Objections. Moreover, if the WMSC determines it is necessary, the WMSC may move this Court for dissolution of the stay or other appropriate relief at a later date.

                                                    KAPLAN KIRSCH LLP

Dated:  January 7, 2026            By:    /s/ *W. Eric Pilsk*
                                                    W. Eric Pilsk  (DC Bar No. 419901)
                                                    Charles A. Spitulnik
                                                    1634 I (Eye) Street, NW, Suite 300
                                                    Washington, DC  20006
                                                    (202) 955-5600 Phone
                                                    (202) 955-5616 Facsimile

                                                    Grant M. Glovin
                                                    1500 Broadway, Suite 1605
                                                    New York, NY 10036
                                                    (646) 883-5110 Phone

                                               ATTORNEYS FOR WASHINGTON METRORAIL SAFETY COMMISSION

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, on the 7th of January, 2026, caused a copy of the foregoing WASHINGTON METRORAIL SAFETY COMMISSION'S RESPONSE TO MOTION TO STAY to be served upon all parties of record in this proceeding by the Court's electronic filing system.

/s/ *W. Eric Pilsk*
W. Eric Pilsk

Dated: January 7, 2026